KING'S DEPARTMENT STORES, INC. *vs.* POLEY-ABRAMS CORPORATION & others.  July 7, 1982.  The plaintiff, King's Department Stores, Inc. (King's), was the original lessee of a building constructed during 1961 and 1962 for use by King's as a department store.  The building was owned by Martin E. Cohen and Harold Cohen (Cohens).  The Cohens hired Poley-Abrams Corporation (Poley-Abrams) as general contractor for the building.  Irving Salsberg and Ralph LeBlanc rendered architectural services in connection with the building, and Benjamin E. Abrams provided engineering services.  Standard International Corp. and Boston Steel Fabricators, Inc., also performed services in connection with this construction.[1]

In December, 1969, a portion of the roof of the original building collapsed.  On July 6, 1970, the plaintiff sued the Cohens and the individuals and companies who participated in the construction of the building during 1961 and 1962.  The plaintiff alleged that their negligence caused the roof to collapse.[2]

Prior to trial, Poley-Abrams and Boston Steel Fabricators, Inc., moved to dismiss the actions against them, and Benjamin E. Abrams, Irving Salsberg, Ralph LeBlanc and Standard International Corp. moved for summary judgment.  All these defendants claimed that G. L. c. 260, § 2B, barred the plaintiff's action.  A judge of the Superior Court agreed and allowed these motions.  Because "[t]here [were] no Massachusetts decisions construing the constitutionality of" G. L. c. 260, § 2B, the judge stayed further proceedings in the trial court and reported several questions for interlocutory appeal.  Mass. R. Civ. P. 64, 365 Mass. 831 (1965).

The questions reported by the judge have been answered fully in *Klein* v. *Catalano, ante* 701 (1982).  For the reasons stated in *Klein* v. *Catalano,*

---

[1] In 1967, there was an addition to the building.

[2] King's also sued those responsible for the addition.  These actions were consolidated for trial.  This appeal raises no issues concerning those responsible for the addition.

*supra,* G. L. c. 260, § 2B, bars the plaintiff's action against those who participated in the design, planning, construction or general administration of the building during 1961 and 1962.

We therefore conclude that the judge properly granted Poley-Abrams's motion to dismiss and Benjamin E. Abrams's, Irving Salsberg's, and Ralph LeBlanc's motions for summary judgment. Since the judge did not direct the entry of final judgments as to the claims against these defendants, see Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), we remand this matter to the Superior Court.

In addition, from the record, it is not clear whether Boston Steel Fabricators, Inc., and Standard International Corp. were materialmen, whether they rendered architectural or engineering services for the construction of the building during 1961 and 1962, or whether they furnished both supplies and engineering or architectural services. To the extent that these defendants are materialmen, they are not within the protection of G. L. c. 260, § 2B. We remand this matter to the Superior Court for further proceedings.[3]

<em>So ordered.</em>

*Joseph J. Hurley (Patricia S. Nelson* with him) for the plaintiff.
*Barry J. Walker & Simon Scheff* for the defendants.

---

[3] On appeal, the plaintiff also argues two issues not reported by the judge and which do not appear to be within the plaintiff's complaint. We think it inappropriate to reach these issues on appeal.

