Banks, J.
In this action in tort, the plaintiff landowners allege that they have sustained damages as a result of an erroneous House Certificatio n Plan prepared by the defendant’s predecessor in interest, MacCarthy Engineering Service, Inc. (“MacCarthy”), a surveying and engineering firm.
The plaintiffs commenced this action in the Natick Division of the District Court Department on April 4,1989. The complaint alleges that in May, 1955, MacCarthy prepared a House Certification Plan indicating the location of the plaintiffs’ newly constructed home and certifying that the property complied with the building and zoning laws of the Town of Concord. When the plaintiffs attempted to seE the property in 1987, they discovered that the house did not conform to the zoning laws at the time of construction, and they sustained damages in consequence thereof which included the cost of procuring a variance and a loss in the selling price of the property.
The defendant pleaded, inter alia, the defense of the Statute of Repose, G.L c.260, §2B ,[2] and moved for summary judgment under that statute. In support of its motion, the defendant averred that, prior to its May, 1955 issuance of the certification plan, MacCarthy[3] had provided certain surveying services in connection with the actual construction of the plaintiffs’house.These services included: 1) staking the location of the house on the lot and taking elevations in October, 1954 in preparation of a plan for a Veterans Administration Financing Application; and 2) staking the location of the house in the ceEar hole for the placement of concrete forms in February, 1955.
The plaintiffs filed a counteraffidavit in which they asserted that the May, 1955 house certification plan at issue showing building and zoning law compHance was submitted at the closing with other documents to obtain mortgage financing from Lexington Federal Savings & Loan Association; and that they subsequently moved *91 into the house upon the completion of construction in August, 1955.
The trial court denied the defendant’s motion for summary judgment, but voluntarily reported the interlocutory ruling to this Division for immediate appellate review. G.L c.231, §108; Dist./Mun. Cts. R. Civ. P., Rule 64(d).
As this is an interlocutory matter, we restrict appellate review narrowly to the question of the propriety of the trial court’s denial of the defendant’s motion for summary judgment. To be entitled to summary judgment, it was incumbent upon the defendant to convince the trial court that the Statute of Repose applied to the plaintiffs’ claim upon undisputed facts. Shea v. Bay State Gas Co., 383 Mass. 218 (1981); Hopkins v. F. W. Woolworth Co., 11 Mass.App.Ct. 703 (1981). It is clear that the thirty-four year period of time between the alleged negligent act and the plaintiffs’ commencement of this action far exceeds the six year period after which the Statute provides absolute immunity for certain parties in construction situations.
It is far from clear, however, that the defendant in this case qualifies as a party entitled to statutory protection. The Statute of Repose generally encompasses architects, engineers, contractors and other design professionals in the construction industry whose work entails the “design, planning, construction or general administration of an improvement to real property.” Klein v. Catalano, 386 Mass. 701, 708 et.seq. (1982). Surveyors, as such, are not protected by §2B when their services are not “functionally related to and integrated with a building plan or design.” Raffel v. Perley, 14 Mass.App.Ct. 242, 244 (1982), quoting from E.A. Williams, Inc. v. Russo Dev. Corp., 82 N.J. 160, 169-170 (1980).[4] As the Statute’s scope is defined in terms of protected acts rather than expressly designated persons or professional classes, Dighton v. Federal Pacific Elec. Co., 399 Mass. 687, 694 (1987), professional surveying work might fall, if at all, within G.L c.260, §2B only where the work is “integrated with a building plan or a design for construction or other change in the topography of the land.” Raffel v. Perley, supra at 245.
At issue in this case is the May, 1955 house certification plan. With respect to the plan itself, the defendant appears to rely upon the contemporaneity of its work with the building process of the plaintiffs’ home to bring it within the Statute of Repose. While such evidence may prevent the defendant from being summarily excluded from the protection afforded by G.L c.260, §2B, it in no way insures the inclusion of the defendant within the Statute. We do not here rule upon the question, left open in Raffel, of whether professional surveying work integrated into the design of a building would indeed fall within the statute. That question would not be reached except upon evidence that the certification of zoning compliance at issue in this case was a design function. No undisputed evidence was before the trial court to compel such a conclusion on the defendant’s summary judgment motion. The motion was properly denied. See, e.g., King's Department Stores, Inc. v. Poley-Abrams Corp., 386 Mass. 1008, 1009 (1982).
The denial of the defendant’s motion for summary judgment is affirmed. Report dismissed.

 Section 2B of G.L c.260 provides, in relevant part “Actions of tortfor damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property... shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.” (Added by St.1968, c.612. Amended by St.1973, c.777, §2; Stl984, c.484, §53).

 The defendant’s Rule 56 supporting affidavit filed by its president, Joseph R. Sullivan, indicates that in 1974, Sullivan formed the defendant corporation and purchased MacCarthy Engineering Service, Inc. which was dissolved shortly thereafter. The defendant denied in its answer that it is the legal successor in interest to MacCarthy, but did not raise or argue this issue in connection with its summary judgment motion.

 The Courtis narrow holding in Raffel was that the defendant surveyor’s plan dividing property into lots which was “unrelated to any proposed construction or changes in the topography of the land” did not constitute the “design or planning of an improvement to real property within the meaning of G.L c.260, §2B.” Id. at 243. Although the Court then reviewed the legislative history of §2B and noted similar legislation and case comment in other states, it did not affirmatively resolve the question of the statute’s general application, if any, to surveyors.