Raymond F. Sullivan vs. Joseph Iantosca & others.[1]

Norfolk. February 6, 1991. - April 17, 1991.

Present: Liacos, C.J., Wilkins, Nolan, Lynch, & O'Connor, JJ.

*Negligence*, Building contractor, Statute of repose. *Repose, Statute of. Real Property*, Sale. *Practice, Civil*, Amendment. *Rules of Civil Procedure. Superior Court.*

A plaintiff who purchased a house in 1978 was barred by the six-year statute of repose set forth in G. L. c. 260, § 2B, from maintaining a tort action commenced against the builder of the house in 1989 for using improper fill material beneath the foundation of the house, a condition that was not discovered until 1986. [797-799]

A plaintiff who purchased a house in 1978 was not barred by the provisions of G. L. c. 260, § 2B, from maintaining an action commenced against the seller in 1989 for deceit based on the seller's breach of duty to inform the buyer that improper landfill was used beneath the house or for violation of an implied covenant of good faith and fair dealing. [799-800]

A civil action was remanded for reconsideration by the regional administrative judge, pursuant to Superior Court standing order 1-88 (E), of a plaintiff's motion to enlarge time under that standing order for filing a motion to amend his complaint pursuant to Mass. R. Civ. P. 15. [800-802]

Civil action commenced in the Superior Court Department on February 23, 1989.

The case was heard by *Roger J. Donahue*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William F. Coyne, Jr.* (*Evan T. Lawson* with him) for the plaintiff.

---

[1]Joseph Iantosca as trustee of Fern Realty Trust and Bel Air Construction, Inc.

*Francis X. Moran* (*Mark L. Reed* with him) for the defendants.

WILKINS, J. The plaintiff asserts that the defendants are liable, on various theories, for the consequences of the construction of the plaintiff's house in Braintree on improper land fill material. He has alleged that the defendant Iantosca himself, or through the other defendants whom Iantosca controlled, knowingly constructed the house on improper foundation material and then sold it to the plaintiff. He further alleges that Iantosca, as trustee of the defendant trust, sold the Braintree property to the plaintiff and his wife in February, 1978, without disclosing that improper fill material had been used under the foundation of the home. The plaintiff alleges that he first noticed problems caused by the defective foundation material in the summer of 1986. He commenced this action in February, 1989.

A Superior Court judge allowed the defendants' joint motion for summary judgment on the basis of the statute of repose set forth in G. L. c. 260, § 2B (1988 ed.). We transferred the plaintiff's appeal here on our own motion.

The first paragraph of § 2B, which is set forth in the margin,[2] requires that an "[a]ction of tort for damages arising out of any deficiency or neglect" in the design, planning, or construction of an improvement to real estate, such as is involved in this case, must be commenced within six years of the earlier of two dates, both of which occurred in this case more than six years before the action was commenced. This language in § 2B grants to judges no room similar to that which the Legislature has given judges elsewhere to determine when a cause of action accrues in particular circum-

---

[2]"Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property, other than that of a public agency as defined in section thirty-nine A of chapter seven shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner."

stances. See, e.g., *Friedman* v. *Jablonski*, 371 Mass. 482, 485-486 (1976) (applying discovery rule for timeliness of buyers' assertions of misrepresentations in the sale of real estate).

Section 2B, in its statute of repose aspect, forbids us from considering the fact that a plaintiff did not discover or reasonably could not have discovered the harm before the six-year period of the statute of repose expired. See *Tindol* v. *Boston Hous. Auth.*, 396 Mass. 515, 517 (1986) ("The injury need not have occurred, much less have been discovered"). Section 2B simply bars us from considering circumstances that might have tolled the running of a statute of limitations. The *Tindol* case, *supra*, held that the tolling provisions of G. L. c. 260, § 7 (1988 ed.) (minority or mental illness) do not modify the repose provisions of § 2B. *Id.* We similarly reject the plaintiff's claim that the fraudulent concealment provisions of G. L. c. 260, § 12 (1988 ed.) (and any common law estoppel) prevent § 2B from applying here.[3]

If the claim is based in tort or on an implied warranty or covenant (see *Klein* v. *Catalano*, 386 Mass. 701, 719 [1982]) and is based on any deficiency or neglect in an improvement to real property, which the plaintiff's house clearly was (see *Conley* v. *Scott Prods., Inc.*, 401 Mass. 645, 647 [1988]), an action must be brought within six years of the substantial completion of the house and the owner's taking possession for occupancy. The fact that a defendant caused the deficiency

---

[3]We are not concerned in this case with a claim of fraudulent concealment or estoppel that is based on conduct apart from the wrongdoing that is the basis of the plaintiff's claim. Compare *Hill* v. *Fordham*, 186 Ga. App. 354, 357-358 (1988) (statute of repose would not foreclose action where plaintiff was deterred from bringing suit by defendant's concealment of information) with *Stallings* v. *Gunter*, 99 N.C. App. 710, 716 (1990) (rights created by statute of repose are not subject to tolling because of fraudulent concealment, citing Restatement [Second] of Torts, § 899, comment g [1979]).

Fraudulent concealment issues may have a bearing on whether the statute of limitations bars the assertion of those claims that we shall conclude are not put to rest by the statute of repose provisions of § 2B. The question whether some statute of limitations bars this action, in whole or in part, was not presented to the motion judge and has not been argued to us.

by gross negligence, wanton conduct, or even knowing and intentional wrongdoing makes no difference as § 2B is written. Section 2B disclaims any interest either in equities in favor of the person harmed or in the degree of culpability of the wrongdoer. The motion judge was, therefore, correct in granting the defendants' motion for summary judgment, but only to the extent of those claims that are within the scope of § 2B.[4]

We must look, therefore, at the nature of the claims that fall within the scope of the plaintiff's complaint to determine whether there is any that does not relate to a deficiency or neglect in design or construction. Because count III of the complaint alleges negligent construction of the house, § 2B bars as untimely any claim under that count.

Count II alleges deceit based on the defendants' breach of a duty to inform the plaintiff of the inferior material used in the land fill. We do not consider whether the claim is sound as a matter of theory but only whether, in any aspect, it may not be foreclosed by § 2B.[5] Count II alleges a claim not barred by § 2B to the extent that the seller of the house, but not its builder, is charged with deceit in the sale of the property. Section 2B grants protection to designers, planners, builders, and the like. See *Klein* v. *Catalano, supra* at 715. It does not do so for people who sell real estate. Cf. *King's Dept. Stores, Inc.* v. *Poley-Abrams Corp.*, 386 Mass. 1008, 1008-1009 (1982) (materialman not protected); *Cournoyer*

---

[4]Section 2B admittedly presents a problem of construction. In barring the commencement of any action "arising out of any deficiency or neglect" in certain real estate improvements, § 2B seems to go beyond claims based on negligence to include any claim based on a deficiency. It would seem that every negligence-based claim would involve a deficiency, and thus the word "neglect" in § 2B is unnecessary. On the other hand, to read every deficiency referred to in § 2B as limited to those that are based on neglect would seem to make the word "deficiency" in § 2B unnecessary. We read § 2B as barring more than claims based on negligence.

[5]Summary judgment was sought and granted only on the basis of § 2B. Therefore, no consideration was given to whether the plaintiff otherwise alleged one or more valid claims against any defendant. We do not consider these issues, and the defendants have not asked us to do so.

v. *Massachusetts Bay Trans. Auth.*, 744 F.2d 208, 210-211 (1st Cir. 1984) (supplier not protected).

Count I alleges breaches of implied covenants of good workmanship and of good faith and fair dealing. Section 2B puts to rest the claim of a violation of an implied covenant of good workmanship. We do not opine whether in the circumstances an implied covenant of good faith and fair dealing should be recognized. We do say, however, that, if such a covenant exists in the circumstances of this case, § 2B does not bar recovery under it if the violation occurred in the sale of the house.

One further matter requires our attention. The plaintiff challenges the motion judge's denial of his motion to enlarge the time for filing a motion to amend his complaint to include a claim under G. L. c. 93A (1988 ed.). Superior Court standing order 1-88 (E) (i) (2) provides that, in a fast track case (which this case was), all motions to amend pursuant to Mass. R. Civ. P. 15, 365 Mass. 761 (1974), must be filed and heard within "five months (150 days)," except upon a special waiver granted by the regional administrative judge.[6] The motion to enlarge time to amend the complaint was filed on September 29, 1989, just over seven months after the action had been commenced.

If it were not for the standing order and whatever effect it could have if inconsistent with rule 15, the motion to enlarge and the underlying motion to amend should have been allowed. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 549-550 (1987); *Castellucci* v. *United States Fidelity & Guar. Co.*, 372 Mass. 288, 289-290 (1977) (leave to amend should be granted unless there is some good reason for denying the motion). Trial was not imminent. No prejudice to the defendants was apparent. Discovery was far from complete. The G. L. c. 93A claim was essentially based on the same facts as the claim in count I of the complaint, alleging a breach of an implied covenant of good faith and fair dealing,

---

[6] It happened that the motion judge was the regional administrative judge.

and as the claim of deceit in count II. See *Goulet* v. *Whitin Machine Works, Inc., supra* at 550-551.[7] The judge may have been influenced to deny the motion to enlarge time because of a belief that § 2B barred the plaintiff's claims, including any asserted under G. L. c. 93A, although it does not appear in the record that the judge acted for that reason or was asked to do so.

Supplemental court rules "not inconsistent" with the Massachusetts Rules of Civil Procedure are permitted. Mass. R. Civ. P. 83, 365 Mass. 843 (1974). See *J.F. Edwards Constr. Co.* v. *Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1322 (7th Cir. 1976) ("Under Rule 83 of the Federal Rules, the district court's Local Rule 10 and its Standing Order must be consistent with the Federal Rules of Civil Procedure"). See also note 7 to standing order 1-88, which states in part that "[t]his provision does not effect [*sic*] the power of the Court to allow amendments to pleadings where 'justice appears to require such amendment,'" paraphrasing, but only in part, the provision in rule 15 that "leave [to amend] shall be freely given when justice so requires." Standing order 1-88(E) does not prescribe a special standard apart from that of Mass. R. Civ. P. 15 (a) that must be met for the allowance of an amendment of a pleading, and we would be disinclined to find in a note to the standing order a standard other than that of rule 15 which should guide a regional administrative judge in passing on a motion to enlarge time for filing a motion to amend. Of course, in passing on the motion, a regional administrative judge may give some weight to the principles and purposes of standing order 1-88. This court could, of course, on request waive the application of the

---

[7]The existence of G. L. c. 93A has substantially inhibited and made unimportant the development of the law of common law deceit in consumer protection cases. If the amendment to the complaint is not allowed and, therefore, there is no G. L. c. 93A claim in this case, the judge will have to consider what present day common law rights are. It might well be that, in light of G. L. c. 93A, §§ 2 & 9, the standard of unfair and deceptive practices within the meaning of § 2 would be a reasonable guide to the answer.

Massachusetts Rules of Civil Procedure to permit a standing order to govern instead.

We conclude that summary judgment should not have been ordered on all claims against all defendants. The defendants were entitled to partial summary judgment on those claims against the builder or builders that are based on the deficient or negligent design or construction of the house, but not otherwise. The judgment is vacated. The order denying the motion to enlarge time to file a motion to amend is also vacated. The case is remanded for the regional administrative judge to reconsider the plaintiff's motion to enlarge the time for filing a motion to amend his complaint to assert a claim under G. L. c. 93A (to whatever, if any, extent such a claim is not barred by § 2B); for entry of partial summary judgment as to claims barred by the statute of repose; and for further proceedings as to those claims whose assertion is not barred by G. L. c. 260, § 2B.

*So ordered.*