NORMAN C. SAVEALL & another[1] *vs.* JAMES ADAMS
& another.[2]

No. 92-P-1548.

Worcester. December 21, 1993. - April 21, 1994.

Present: DREBEN, GREENBERG, & LAURENCE, JJ.

*Negligence*, Building contractor, Statute of repose. *Deceit. Practice, Civil*,
    Amendment. *Repose, Statute of. Real Property*, Sale. *Limitations,
    Statute of. Corporation*, Corporate entity. *Consumer Protection Act*,
    Availability of remedy.

General Laws c. 260, § 2B, the statute of repose applicable to actions in
    tort arising out of the allegedly defective construction of a house, fore-
    closed the amendment of a complaint to add claims of negligence
    against certain defendants, where the cause of action accrued the
    month after the sale of the house to plaintiffs and where the amend-
    ment to the complaint adding those defendants was filed more than six
    years later. [351]
General Laws c. 260, § 2B, the statute of repose applicable to actions in
    tort arising out of the allegedly defective construction of a house,
    barred the amendment of a complaint six years after the cause of ac-
    tion accrued to add claims of misrepresentation with respect to the con-
    struction of the house; moreover, even if the claims could be construed
    as claims of misrepresentation with respect to the sale of the house, the
    amendment was untimely where it was filed more than four years after
    the original complaint was filed and no reason for such a delay was
    given. [351-353]
Allegations in an amendment to a civil complaint against a corporation,
    seeking to add claims of violation of G. L. c. 93A against the corporate
    officers and stockholders, were insufficient to warrant holding those per-
    sons individually liable. [353-354]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 19, 1987.

---

[1]Kathleen A. Saveall.
[2]Paul Adams.

On transfer to the Worcester County Division of the Housing Court Department, the case was heard by *John G. Martin,* J., on a motion to dismiss.

*Gregory J. Angelini* for the plaintiffs.

*Kevin F. Finnegan* for the defendants.

DREBEN, J. The plaintiffs appeal from the dismissal by a judge of the Housing Court of their claims against Paul Adams and James Adams (Paul and James) on the grounds that the statute of limitations barred their G. L. c. 93A claim and that the statute of repose barred their remaining causes of action. Paul and James were added by an amended pleading filed more than six years after the construction of a house in Leominster which was conveyed to the plaintiffs. The amendment alleged negligence, misrepresentation, and violation of G. L. c. 93A on the part of Paul and James. Ruling that there was no just reason for delay, the judge entered a final judgment dismissing the claims against these defendants.[3] See Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

The plaintiffs, relying on *Sullivan* v. *Iantosca,* 409 Mass. 796, 799 (1991), and *McDonough* v. *Marr Scaffolding Co.,* 412 Mass. 636, 641 (1992), argue that their action is brought against the Adams brothers as vendors, and hence is not foreclosed by the statute of repose, G. L. c. 260, § 2B.[4] In addition, they contend that the amendments alleging c. 93A violations are governed by G. L. c. 260, § 5A, a statute of limitations. They point out that, unlike amendments

---

[3]Since material in addition to the complaint was before the judge, including the purchase and sale agreement, the deed, and the plaintiffs' answers to interrogatories, the dismissal was in effect the grant of summary judgment. See Mass. R. Civ. P. 12(c), 365 Mass. 756 (1974).

[4]That statute, as appearing in St. 1984, c. 484, § 53, in relevant part provides:

"Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property, . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner."

involving the statute of repose where there is no relation back, see *Tindol* v. *Boston Hous. Authy.*, 396 Mass. 515, 518 (1986), where a statute of limitations is involved, an amendment relates back to the date of the original complaint. We affirm the judgment dismissing the claims against Paul and James.

On May 19, 1987, approximately two years and eight months after they had moved into their house, the plaintiffs timely brought this action against Northwoods Development Corporation (Northwoods), the developer of the property. Once they became aware that all the stock of Northwoods had been sold, they amended their complaint on May 22, 1989, to add the purchaser of the shares, Security Homes, Inc., as a defendant. On April 22, 1991, they filed a second amended complaint adding Paul and James. Paul had been treasurer, and James had been president of Northwoods. In his capacity as treasurer, Paul, on May 21, 1984, signed the purchase and sale agreement with the plaintiffs, and as president, on September 12, 1984, James signed the deed conveying the property. Paul and James had been the sole stockholders of Northwoods.

An assessment of the plaintiffs' appellate claims requires an analysis of the amendment joining Paul and James. While the negligence counts[5] fall squarely within the statute of repose, the "misrepresentation/fraud" claims must be examined more closely. *Sullivan* v. *Iantosca*, 409 Mass. at 799, held that a *seller* who had also acted, "in some representative capacity, as the builder of the house" was not included within the class of persons protected from suit under the statute of repose. *McDonough* v. *Marr Scaffolding Co.*, 412 Mass. at 641. In the *Sullivan* case, the alleged "deceit [was]

---

[5]The negligence count against James alleges:

"Defendant Northwoods had a duty to exercise reasonable care in the construction of the dwelling at Street Number 141 Birchcroft Road for the Plaintiffs Norman and Kathleen Saveall; and Defendant Northwoods breached that duty and as a proximate result, Plaintiffs have suffered substantial damages, for which negligence and damages the Defendant James Adams is responsible."

An identical count makes claims against Paul.

based on the defendants' breach of a duty to inform the plaintiff of the inferior material used in the landfill." The count could be maintained "to the extent that the seller of the house, but not its builder, [was] charged with deceit in the sale of the property. Section 2B grants protection to designers, planners, builders, and the like . . . . It does not do so for people who sell real estate." *Id.* at 799.

The misrepresentation counts in the action before us each allege:

> "The Plaintiffs relied upon the express and implied representations and promises of the Defendant Northwoods and James [Paul] Adams to construct the residence and the surrounding development in accordance with all approved and filed plans and drawings and specifications; and the Defendants knowingly and intentionally, with malice aforethought, committed the offenses stated above and failed to and neglected to complete and perform said work in accordance with said promises and representations, to the damage of Plaintiffs, and James [Paul] Adams was responsible for and controlled and directed the actions of Defendant Northwoods."

It may be true, as pointed out in *Pfeifer* v. *Bellingham*, 112 Wash. 2d 562, 572 (1989) (Durham, J., dissenting), that "[w]hen a builder/owner is involved, any claim that the builder defectively constructed a project is just as easily framed as a claim that the builder failed to disclose those defects when he sold the property after construction was complete." That, however, was not the claim here; the plaintiffs did not term the action as one against Paul and James as sellers who concealed known defects.

Nor is this a case where the plaintiffs should be relieved of their obligation to file timely pleadings. According to their answers to interrogatories, the plaintiffs became aware of defects in September, 1984, the very first month they occupied the house. Even if the whole extent of the allegedly shoddy construction was not then apparent, the plaintiffs knew there

were serious problems with the house. Moreover, they obviously knew which agents of Northwoods had made the alleged misrepresentations to them in the sale of the property and whether Paul or James had done so. Yet, it was not until April, 1991, more than six years after the sale, and almost four years after the filing of the complaint, that they joined Paul and James as defendants.

The delay has not been explained. Even if only a statute of limitations, and not a statute of repose, were involved, the judge would have been warranted in reconsidering the allowance of the amendment and in dismissing the counts against Paul and James. An "unexcused delay in seeking to amend is a valid basis for the denial of a motion to amend." *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610, 621-622 (1989). *Mathis* v. *Massachusetts Elec. Co.*, 409 Mass. 256, 264-265 (1991). The suggestion of bankruptcy on the part of one or more of the other defendants is not a legally cognizable reason for such a long delay.

The plaintiffs' c. 93A claims fare no better. The allegations are:

> "Defendants' conduct in failing to correct the construction defects enumerated in paragraph 5 after repeated requests to do so, or their failure to make Plaintiffs whole for the losses they have sustained as a result of Defendants' conduct, constitute unfair and deceptive acts or practices in violation of Massachusetts General Laws Chapter 93A, Section 2; and as a result of the Defendants' unfair and deceptive acts or practices, Plaintiffs have suffered substantial damages; and the Defendants willfully and knowingly carried out the unfair and deceptive acts or practices."

The allegations that Paul and James controlled the company, were the sole stockholders, and were, respectively, president and treasurer of the company, are insufficient to pierce the corporate veil. Nothing appears in the record which would bring this case within the ambit of *My Bread Baking Co.* v. *Cumberland Farms, Inc.*, 353 Mass. 614

Saveall *v.* Adams.

(1968). Thus, quite apart from any question of timeliness, the allegations do not provide a basis for finding the defendants, individually, as contrasted with Northwoods with whom the plaintiffs contracted, liable for a failure to make repairs. Accordingly, the judge was warranted in also dismissing the c. 93A claims against Paul and James.[6]

*Judgment affirmed.*

---

[6]Although the judge did not discuss the "relation back" concept, his memorandum relies on the fact that the plaintiffs discovered various defects soon after the premises had been conveyed to them in September, 1984. We think it clear that if requested to reconsider the allowance of the amendment, as matter of discretion, he would dismiss all the counts against Paul and James.