Garsh, J.
Plaintiffs, Richard and June Lemrise, the buyers of a house and land, brought this action against defendant John Koska (“Koska”), the builder and seller of the property. In the only remaining count, the plaintiffs allege the following willful and knowing violations of G.L.c. 93A, §2(a): (1) failure to construct the septic system in compliance with the approved design plan and Title V of the State Environmental Code; and (2) concealment of this defect during the closing on the purchase.
Prior to trial, the parties sought a ruling on certain contested issues of law, including whether the c. 93A claims are barred by G.L.c. 260, §2B, the statute of repose that applies to tort actions arising out of improvements to real property. The request for a ruling of law on the statute of repose issue has been treated by the court as a motion for summary judgment by the defendant pursuant to Mass.R.Civ.P. 56.
For the following reasons, defendant’s motion for summary judgment is ALLOWED in part and DENIED in part.
FACTUAL BACKGROUND
On April 17, 1984, plaintiffs entered into a real estate agreement with Koska for the purchase of property at 69 Park Drive, Acushnet, Massachusetts, including a new house and septic system to be constructed thereon by Koska. On July 20, 1984, plaintiffs acquired title to the property from Koska.
The real estate agreement included an express warranty contained in a separate document signed by the parties, entitled “Limited Warranty.” That warranty provided, in part, that:
[flor the term of this Limited Warranty, Builder warrants that the dwelling and its systems will be free from all defects in materials and workmanship other than minor or cosmetic defects and will be in compliance with all applicable building, sanitary, and electrical codes.
In the Limited Warranty document, Koska is referred to as “Builder” and signs the agreement as “Builder.” The Limited Warranty defines the term "system” to include “waste and vent pipes and their fittings; septic tanks and their field drains; waste, gas, and sewer service piping, and their extensions to the ... on site . . . sewage disposal system.”
In the spring of 1988, plaintiffs noticed an accumulation of surface water in their backyard above the septic system leaching field. This wet area dried during the summer. The water accumulated again the following spring and remained year round, causing the area to become soft and muddy.
In April of 1990, plaintiffs hired Speedy Rooter to examine the septic system. Speedy Rooter found crushed pipes in the area between the septic tank and distribution box and, subsequently, replaced the pipes and pumped 2,500 gallons from the septic tank. In June, plaintiffs hired SITEC, Inc., a New Bedford engineering firm, to examine the septic system. SITEC found several items in noncompliance with Title V, and concluded that “the septic system was not constructed in accordance with the Design Plan regarding limit of excavation and removal of unsuitable material. The system is clearly clogged at the stone/soil interface forcing the system to fail and breakout to occur.”
In September, plaintiffs observed sewage liquid seeping into the basement of the dwelling through the wall around the sewer pipe. A plumbing contractor evaluated the problem and found that the pipe leading from the house to the septic system had not been constructed as required in the plan. The pipe was also found to be crushed in three places. The plumber replaced this pipe with a cast-iron pipe.
-On September 17, 1990, plaintiffs’ attorney sent Koska a Chapter 93A demand letter, noting the alleged defects in the septic system. Koska denied responsibility and requested permission to perform tests. Plaintiffs granted permission, but Koska never performed any tests and never did anything further in response to the demand letter.
Plaintiffs’ complaint alleged five counts: negligent installation, breach of contract, breach of express warranty, breach of implied warranty, and violation of G.L.c. 93A. Following a judgment for the defendant in the District Court, the plaintiffs removed the case to the Superior Court.
By agreement of the parties, the Superior Court dismissed the negligent installation and breach of implied warranty counts. Subsequently, the defendant’s motion for summary judgment on the remaining three counts was granted because the court concluded that the breach of contract and express warranty counts were time-barred and that the plain *591 tiffs had failed to present any evidence that the defendant had violated G.L.c. 93A.
The Appeals Court, in an opinion dated May 15, 1995, affirmed the judgment on the breach of contract and express warranty counts and reversed the G.L.c. 93A judgment and remanded the c. 93A count for trial in the Superior Court. The applicability of the statute of repose to the c. 93A count was not raised before the Superior Court or the Appeals Court. Defendant now contends that G.L.c. 260, §2B bars the c. 93A claims. Plaintiffs counter that §2B does not apply to the c. 93A claims at issue because they were tolled by the defendant’s fraudulent concealment, and, alternatively, that the statute of repose applies only to tort claims and does not, in any event, apply to sellers of real property.
DISCUSSION
General laws c. 260, §2B provides that “(ajctions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property” must be commenced within three years after the cause of action accrues. G.L.c. 260, §2B. However, no such action may be commenced “more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.” Id.
Unlike a statute of limitations, §2B imposes an absolute restriction on the time within which certain tort actions may be commenced, regardless of when the injury occurred or was discovered. Klein v. Catalano, 386 Mass. 701, 702 (1982). The Supreme Judicial Court has rejected the argument that the tolling provisions of G.L.c. 260, §12,[2] the fraudulent concealment statute, may prevent §2B from applying as a bar. Sullivan v. Iantosca, 409 Mass. 796, 798 (1991) (“Section 2B simply bars us from considering circumstances that might have tolled the running of a statute of limitations”). Therefore, if the statute of repose applies to the c. 93A count, that claim may not be saved by the fraudulent concealment statute.
A plaintiff also may not escape the consequences of the statute of repose merely by labeling the claim as contractual. Anthony’s Pier Four, Inc. v. Crandall Dry Dock Eng’rs, Inc., 396 Mass. 818, 823 (1986) (distinguishing between a claim for breach of express warranty, to which §2B does not apply, and a claim for breach of implied warranty, which is governed by §2B). The court must look to the “gist of the action.” Id. (quoting Hendrickson v. Sears, 365 Mass. 83, 85 (1974)). See also Klein, 386 Mass. at 719-20 (holding that §2B bars a breach of implied warranty claim where the elements for breach of implied warranty and negligence are the same).
“An action pursuant to 93A is ‘neither wholly tor-tious nor wholly contractual in nature.’ ” Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 548 (1995) (quoting Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975). However, “claims of unfair or deceptive acts or practices may be founded on activities that more closely resemble either a traditional breach of contract action ... or an action in tort.” Id. at 548 (citations omitted). In order to determine the applicability of the statute of repose to the remaining count, the specific c. 93A claims asserted by the plaintiff must be analyzed to ascertain whether their essential nature sounds in tort or in contract.
A. Builder’s Failure to Construct in Accordance with the Approved Design Plan and Title V of the State Environmental Code
1. 940 Code Mass. Regs. §3.16(3)
The Attorney General has promulgated regulations, pursuant to G.L.c. 93A, §2(c), for the purpose of determining whether conduct involves unfair methods of competition or unfair or deceptive acts or practices in violation of G.L.c. 93A, §2(a). 940 Code Mass. Regs. §3.00. Section 3.16(3) provides that “[without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L.c. 93A, §2 if. . . [i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.” 940 Code Mass. Regs. §3.16(3).
Plaintiffs contend that Koska, as builder, in constructing the septic system, failed to comply with the sanitary code, 310 Code Mass. Regs. 15.00. While Koska may not have set out with the specific intent to build a septic system in noncompliance with the sanitary code, plaintiffs contend that, by choosing to remain uninformed about the sanitary code requirements, he “consciously chose to disregard the immediate and direct risk” to the plaintiffs’ safety and property. Whelihan v. Markowski, 37 Mass.App.Ct. 209, 212-13 (1994).
Whether the evidence adduced by the plaintiffs amounts to mere negligence or is something more, the nature of the claim closely resembles a tort. If the plaintiffs could maintain this cause of action, they would be permitted to bring essentially the same type of suit as one alleging negligence, gross negligence, or breach of implied, warranty, all of which would be barred by the statute of repose. “This a result we cannot tolerate.” Klein, 386 Mass. at 720. See also Kingston Housing Authority v. Sandonato & Bogue, Inc., 31 Mass.App.Ct. 270, 273-74 (1991) (in the absence of a claim for breach of express warranty, a claim for unintended failure to conform to contract specifications or for intentional deviation from contract specifications is barred by the statute of repose). Accordingly, so much of the c. 93A claim as is predi *592 cated upon a violation of 940 Code Mass. Regs. §3.16(3) is barred by G.L.c. 260, §2B.
2. Express Warranty
Plaintiffs also allege that Koska, in constructing the defective septic system, violated c. 93A by breaching his express warranty that the septic system would be in compliance with the sanitary code. In reversing and remanding the c. 93A count for trial, the Appeals Court reaffirmed that, “[a]s a general rule, a breach of warranty constitutes a violation of c. 93A, §2,” citing Maillet v. ATF-Davidson Co., 407 Mass. 185, 189 (1990), and that a “builder’s failure to cany out warranties may be a violation of G.L.c. 93A, §2," citing Bachman v. Parkin 19 Mass.App.Ct. 908, 909-10 (1984) (defective solar heating), and Piccuirro v. Gaitenby, 20 Mass.App.Ct. 286, 292-93 (1985) (improper installation of a septic system).
Bachman involved facts quite similar to the instant case. There, the Court found that the trial judge had correctly held that “by reason of Builder’s failure to carry out numerous obligations listed under the heading of ‘warranties’ — including the obligation to construct a solar heating system estimated ... to provide approximately 85% of the heating requirements of the house — Builder stood in violation of c. 93A, §2.” Bachman, 19 Mass.App.Ct. at 909. The gist of a c. 93A claim predicated upon failure to comply with an express warranty obligation is contractual in nature. Thus, the statute of repose does not bar the c. 93A claim against Koska based upon failure to construct a septic system as expressly warranted.
B. Seller’s Concealment of Defects
Plaintiffs also allege that Koska, as seller of the property, failed to inform them of, and concealed from them, the alleged defects in the septic system. 940 Code Mass. Regs. §3.16(2) provides that “[wjithout limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L.c. 93A, §2 if. . . (a]ny person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction.”
Although the gist of such a c. 93A action undoubtedly sounds in tort, nevertheless it is not barred by the statute of repose because, as in Sullivan v. Iantosca, 409 Mass. at 800, the alleged “violation occurred in the sale of the house.” In Sullivan the Supreme Judicial Court held that §2B did not bar a claim for deceit against a defendant who, himself or through others that he controlled, both constructed and sold the house in question. The Court reasoned that §2B “grants protection to designers, planners, builders, and the like. .. [but not to] people who sell real estate.” Id. at 799. Koska acted as both builder and seller of the property, and the plaintiffs allege that, as the seller of the property, Koska violated c. 93A by concealing known defects in the septic system. As in Sullivan, this claim “does not relate to a deficiency or neglect in design or construction.” Id. Therefore, the c. 93A claim predicated upon deceit by Koska in the sale of the property is not barred by G.L.c. 260, §2B.
ORDER
Accordingly, it is hereby ORDERED that defendant Koska’s Motion for Summary Judgment be ALLOWED insofar as the c. 93A count alleges an unfair or deceptive act or practice governed by 940 Code Mass. Regs. §3.16(3), and that it be DENIED with regard to the remainder of the c. 93A count.

G.L.c. 260, §12 provides that “[i]f a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.”