NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12352

 TERRY BRIDGWOOD  vs.  A.J. WOOD CONSTRUCTION, INC.,[1] & others.[2]


Essex.     January 8, 2018. - August 29, 2018.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


Home Improvement Contractors.  Consumer Protection Act, Unfair
     or deceptive act.  Repose, Statute of.  Practice, Civil,
     Consumer protection case, Claim barred by statute of
     repose.



     Civil action commenced in the Superior Court Department on
January 22, 2016.

     A motion to dismiss was heard by James F. Lang, J.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Roy D. Toulan, Jr., for the plaintiff.
     Lili K. Geller for A.J. Wood Construction, Inc., & another.
     Mark C. Darling for Anthony Caggiano.
     The following submitted briefs for amici curiae:
     Martin J. Rooney for Massachusetts Defense Lawyers
Association.

---

     [1] Also known as A.J. Wood Construction.

     [2] Richard Smith and Anthony Caggiano.

Ryan D. Sullivan for Eastern Massachusetts Chapter of the National Association of the Remodeling Industry.

John Pagliaro & Martin J. Newhouse for New England Legal Foundation, amicus curiae.

CYPHER, J.  At issue in this case is whether a claim alleging that a building contractor committed an unfair or deceptive act under G. L. c. 93A, §§ 2 and 9, by violating G. L. c. 142A, § 17 (10), is subject to the six-year statute of repose set forth in G. L. c. 260, § 2B.  The plaintiff, Terry Bridgwood, commenced this action in 2016, alleging that renovations performed in 2000 and 2001 by the defendants, A.J. Wood Construction, Inc. (A.J. Wood); its principal, Richard Smith; and its subcontractor, Anthony Caggiano, caused a fire in her home in 2012.  On the defendants' motions, a judge in the Superior Court dismissed the complaint as untimely under the statute of repose.  Bridgwood appeals, and we transferred the case to this court on our own motion.[3]  Because we agree that this case is within the ambit of the statute of repose, we affirm.[4]

---

[3] Terry Bridgwood filed a notice of appeal as to Caggiano and a separate notice of appeal as to A.J. Wood Construction, Inc., and Smith.  We consolidated the two appeals when we transferred them.

[4] We acknowledge amicus briefs submitted by Massachusetts Defense Lawyers Association, Eastern Massachusetts Chapter of the National Association of the Remodeling Industry, and New England Legal Foundation.

Facts.  The defendants filed what was styled a motion to dismiss pursuant to Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974) and Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1975). Under either rule, we accept as true all facts pleaded by Bridgwood in her amended complaint.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002);  Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998).   See Jarosz, supra at 529, quoting J.W. Smith & H.B. Zobel, Rules Practice § 12.16 (1974) (motion pursuant to rule 12 [c] is "actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted").

On October 30, 2000, the city of Newburyport, through its housing rehabilitation program, awarded A.J. Wood and Smith a contract for the rehabilitation of Bridgwood's home in Newburyport.  Smith and A.J. Wood retained Caggiano as the electrical subcontractor for the rehabilitation of the premises. Newburyport's contractor agreement for the housing program provided that Smith and A.J. Wood were to be responsible for the performance of the specified rehabilitation work in accordance with certain standards, including that all rehabilitation, alterations, repairs, or extensions be in compliance with all applicable Federal, State, and local codes; before commencing work, contractors or subcontractors obtain all necessary permits; the contractor and subcontractor must personally

inspect the premises and give full attention to any and all areas of their involvement; the contractor certify compliance with all Federal, State, and local regulations including G. L. c. 142A, the home improvement contractor law; the contractor take all responsibility for the work done under the contract, for the protection of the work, and for preventing injuries to persons and damage to property and utilities on or about the work; and all work performed meet or exceed all building and fire codes of Newburyport.  Bridgwood relied on these specific covenants promised by the defendants in authorizing the work to be performed in her premises.

None of the defendants obtained a permit to replace or repair certain ceiling light fixtures in the premises.  None of the defendants gave proper notice to the Newburyport inspector, or arranged or provided for an inspection by the inspector, of the electrical wires used by Caggiano to replace or repair the ceiling light fixtures before the wires were concealed.  The electrical rehabilitation work with respect to the ceiling light fixtures was not performed in compliance with any applicable Federal, State, or local codes with respect to such work, as required by the contractor agreement.  Bridgwood was not aware of this compliance failure until the concealed wiring work done by Caggiano caused a substantial fire in and damage to her home on January 31, 2012, causing in excess of $40,000 in damage and

significant emotional and physical distress to Bridgwood.  The amended complaint does not state when the work was performed, but Bridgwood concedes that it was completed in January, 2001.  This action was commenced in January, 2016, about fifteen years later.

Discussion.  Bridgwood alleges that the defendants violated G. L. c. 93A by violating G. L. c. 142A, § 17 (10).  General Laws c. 142A, § 17 (10), prohibits contractors and subcontractors from "violat[ing] the building laws of the commonwealth or of any political subdivision thereof."  Section 17 also provides that "[v]iolations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provision of [G. L. c. 93A]."  Bridgwood claims that the defendants failed to perform the electrical work in compliance with those standards and, therefore, committed unfair or deceptive acts.  The defendants argue that the claim is barred by the statute of repose set forth in G. L. c. 260, § 2B. According to Bridgwood, however, the statute of repose does not apply to consumer protection claims under G. L. c. 93A.

Statutes of repose and statutes of limitations are different kinds of limitations on actions.  A statute of limitations specifies the time limit for commencing an action after the cause of action has accrued, but a statute of repose is an absolute limitation which prevents a cause of action from

accruing after a certain period which begins to run upon occurrence of a specified event. See Rudenauer v. Zafiropoulos, 445 Mass. 353, 358 (2005). A statute of repose eliminates a cause of action at a specified time, regardless of whether an injury has occurred or a cause of action has accrued as of that date. See id. Statutes of limitations have been described as a "procedural defense" to a legal claim, whereas statutes of repose have been described as providing a "substantive right to be free from liability after a given period of time has elapsed from a defined event." Bain, Determining the Preemptive Effect of Federal Law on State Statutes of Repose, 43 U. Balt. L. Rev. 119, 125 (2014). The statutes are independent of one another and they do not affect each other directly as they are triggered by entirely distinct events. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1218 (11th Cir. 2001), quoting First United Methodist Church of Hyattsville v. United States Gypsum Co., 882 F.2d 862, 865-866 (4th Cir. 1989), cert. denied, 493 U.S. 1070 (1990). See Rosenberg v. North Bergen, 61 N.J. 190, 199 (1972) ("The function of [a] statute [of repose] is thus rather to define substantive rights than to alter or modify a remedy"); Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995) ("[The] distinction has prompted courts to hold that statutes of repose are substantive and extinguish both the right and the remedy,

while statutes of limitation are merely procedural, extinguishing only the remedy").  See Bain, supra.

General Laws c. 260, § 5A, which establishes the limitations period for G. L. c. 93A claims, provides that "[a]ctions arising on account of violations of any law intended for the protection of consumers, including but not limited to . . . [G. L. c. 93A] . . . whether for damages, penalties or other relief and brought by any person, including the attorney general, shall be commenced only within four years next after the cause of action accrues."  Section 5A is solely a statute of limitation; it contains no statute of repose.

The statute of repose contained in G. L. c. 260, § 2B, provides in relevant part:

> "Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of:  (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner" (emphasis added).

"Like all statutes of repose, '[t]he effect . . . is to place an absolute time limit on the liability of those within [its] protection and to abolish a plaintiff's cause of action thereafter, even if the plaintiff's injury does not occur, or is not discovered, until after the statute's time limit has

expired.'" Nett v. Bellucci, 437 Mass. 630, 635 (2002), quoting McGuinness v. Cotter, 412 Mass. 617, 622 (1992).

As we discussed in Klein v. Catalano, 386 Mass. 701, 708 (1982), the repose statute at issue there "was enacted in response to case law abolishing the rule that once an architect or builder had completed his work and it had been accepted by the owner, absent privity with the owner, there was no liability as a matter of law." The abolition of that rule exposed "those involved in construction . . . to possible liability throughout their professional lives and into retirement." Id. at 708-709. The Legislature therefore "placed an absolute outer limit on the duration of this liability."[5] Id. at 709. The statute thus protects contractors from claims arising long after the completion of their work. We recognized in Klein that limiting the duration of liability is a legitimate public purpose, and we

---

[5] Statutes of repose were a legislative response to the expanded liability faced by the building industry. One such change involved the concept of privity. Daugherty & Flora, Survey of Recent Developments in Real Property Law, 46 Ind. L. Rev. 1199, 1231-1232 (2013). The liability of building professionals had been strictly limited based on English common-law rules of privity, which were based on contract and terminated upon completion of the improvements. Id. at 1231. In the early Twentieth Century, courts began to abolish the privity requirement. Id. Another change was the adoption of the discovery rule of accrual in numerous jurisdictions. Bain, Determining the Preemptive Effect of Federal Law on State Statutes of Repose, 43 U. Balt. L. Rev. 119, 126 (2014). As a result, statutes of repose were adopted in forty-seven States and the District of Columbia. Daugherty & Flora, supra at 1231-1232.

upheld G. L. c. 260, § 2B, over a constitutional challenge, even though it abolishes a plaintiff's cause of action without providing any alternative remedy. Klein, supra at 709-713.

Since deciding Klein, we have consistently enforced statutes of repose according to their plain terms, despite the hardship they may impose on plaintiffs. "Unlike statutes of limitation, statutes of repose cannot be 'tolled' for any reason." Nett, 437 Mass. at 635. For example, although G. L. c. 260, § 7, tolls any applicable statute of limitations until a minor plaintiff reaches majority, it does not toll the statute of repose. Tindol v. Boston Hous. Auth., 396 Mass. 515, 517-518 (1986). The statute of repose eliminates a plaintiff's cause of action even in cases of fraudulent concealment. Sullivan v. Iantosca, 409 Mass. 796, 798 (1991). See Joslyn v. Chang, 445 Mass. 344, 350-351 (2005) (statute of repose for medical malpractice, G. L. c. 260, § 4, not subject to equitable estoppel or tolling due to fraudulent concealment). In addition, the statute of repose is not subject to the "relation back" concept that permits adding a defendant by amending the complaint after the expiration of the repose period. Tindol, supra at 518-519. "Simply put, after six years, [G. L. c. 260, § 2B,] completely eliminates a cause of action against certain persons in the construction industry." Klein, 386 Mass. at 702.

Where a claim does not obviously sound in tort, we have examined the nature of the underlying action to determine whether a statute of repose applies.  See Anthony's Pier Four, Inc. v Crandall Dry Dock Eng'rs, Inc., 396 Mass. 818, 823 (1986) (court must look to "gist of the action" to determine whether claim is based in contract or tort [citation omitted]); McDonough v. Marr Scaffolding Co., 412 Mass. 636, 639 (1992) (breach of warranty claims that sound in tort, not contract, are barred by statute of repose); Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 691 n.6, cert. denied, 484 U.S. 953 (1987) (claim for breach of warranty states cause of action which sounds, like negligence, in tort and not in contract); Klein, 386 Mass. at 719 (warranty claim alleged only that defendant promised to "exercise [the] standard of reasonable care required of members of his profession" therefore negligence and warranty claims essentially alleged same elements); Coca-Cola Bottling Co. of Cape Cod v. Weston & Sampson Eng'rs, Inc., 45 Mass. App. Ct. 120, 124 (1998) (statute of repose applies where implied warranty claim based in tort).

Bridgwood argues, relying on Kattar v. Demoulas, 433 Mass. 1 (2000), that because the relief available under G. L. c. 93A is "sui generis," neither wholly tortious nor wholly contractual in nature, the statute of repose does not apply.  Id. at 17, quoting Greenfield Country Estates Tenants Ass'n, Inc. v. Deep,

423 Mass. 81, 88 (1996).  Bridgwood also argues that a violation of G. L. c. 142A, § 17 (10), constitutes a per se violation of G. L. c. 93A and, as such, it is not precluded by the statue of repose.  Thus, according to Bridgwood, we need not be concerned with whether the underlying action sounds in tort because G. L. c. 93A takes us out of that orbit.

The language relied on by Bridgwood from Kattar, a case which did not concern the statute of repose, does not prevent a court from looking to the substance of the action to determine whether it sounds in tort.  Stated another way, it does not permit a plaintiff to avoid the statute of repose by relabeling what is essentially a tort claim as a claim under G. L. c. 93A.  Cf. Anthony's Pier Four, Inc., 396 Mass. at 823, quoting Hendrickson v. Sears, 365 Mass. 63, 85 (1974) ("A plaintiff may not . . . escape the consequences of a statute of repose . . . on tort actions merely by labelling the claim as contractual. The court must look to the 'gist of the action'").

Recognizing that G. L. c. 260, § 2B, applies only to actions in tort, the motion judge analogized the claim to an action for an alleged breach of implied warranty.  Although an untimely action for breach of an implied warranty is barred where the "breach of warranty claims essentially allege the same elements as the negligence claims," McDonough, 412 Mass. at 642, this is not the case with an action for breach of an express

warranty, which is an action in contract.  Anthony's Pier Four, Inc., 396 Mass. at 822.  In determining whether a given case is an action in tort governed by the statute of repose, we "look to the 'gist of the action.'"  Id. at 823, quoting Hendrickson, 365 Mass. at 85.  A key difference between an action in tort and an action in contract is that in the latter, "the standard of performance is set by the defendants' promises, rather than imposed by law."  Anthony's Pier Four, Inc., supra at 822, citing W.L. Prosser & W.P. Keeton, Torts § 92, at 656, 657 (5th ed. 1984).  Because a claim for breach of express warranty, unlike a negligence claim, requires a plaintiff to prove "that the defendant promised a specific result," we held that § 2B did not apply to such a claim.  Anthony's Pier Four, Inc., supra at 823.

Similarly, there are a number of Appeals Court cases where a plaintiff has alleged that a contractor has violated G. L. c. 93A, that use "gist of the action" to determine whether the statute of repose applies.  For example, in Kelley v. Iantosca, 78 Mass. App. Ct. 147 (2010), the Appeals Court held that, to the extent the plaintiff alleged that the defendants violated G. L. c. 93A through their acts and omissions during the construction of his house, the claim was barred by the statute of repose, for "those allegations are sufficiently tort-like to

bring them within the statute's ambit."[6]  Id. at 154, citing
Beaconsfield Townhouse Condominium Trust v. Zussman, 49 Mass.
App. Ct. 757, 761 n.12 (2000).  See Fine v. Huygens, DiMella,
Shaffer & Assocs., 57 Mass. App. Ct. 397, 404 (2003) (statute of
repose applies to G. L. c. 93A claims that are "tort-like in
nature"); Rosario v. M.D. Knowlton Co., 54 Mass. App. Ct. 796,
802-803 (2002), quoting McDonough, 412 Mass. at 642 ("[A]ctions
for breach of implied warranty are also barred . . . when the
warranty claims 'essentially allege the same elements as the
negligence claims'").

Applying these principles here, we conclude that
Bridgwood's claim is likewise barred by the statute of repose.
Bridgwood's claim is essentially that the defendants failed to
perform the electrical work in compliance with the standards set
forth in G. L. c. 142A, § 17 (10).  It is indistinguishable from
a claim of negligence.  Therefore, it sounds in tort and, having
been commenced well beyond the six-year deadline, is barred by

---

[6] Bridgwood's G. L. c. 93A claims arising out of the
defendants' alleged misrepresentations, however, are not barred.
Kelley v. Iantosca, 78 Mass. App. Ct. 147, 154-155 (2010),
discussing Sullivan v. Iantosca, 409 Mass. 796, 799-800 (1991).
"'Section 2B [of G. L. c. 260] grants protection to designers,
planners, builders, and the like. . . .  It does not do so for
people who sell real estate.' . . .  Thus, while G. L. c. 260,
§ 2B, bars any claim arising out of what [the defendants] did
when they built the house, it does not bar claims under G. L.
c. 93A arising out of misrepresentations they made about what
they did." Kelley, supra at 154-155, quoting Sullivan, supra at
799.

G. L. c. 260, § 2B. Were we to hold otherwise, no contractor would ever be able to "put a project to rest."

We also have followed this analytic framework when determining whether G. L. c. 228, § 1, which states that a tort survives a plaintiff's death, applied to claims presented under G. L. c. 93A. In Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 178-179 (2013), we concluded that a G. L. c. 93A claim survived the plaintiff's death because it was, in substance, an action in tort. Thus, even though G. L. c. 93A is not referenced in G. L. c. 228, § 1, the statute applied to the plaintiff's claim and the estate could continue the action.

It is not apparent that, by enacting G. L. c. 142A, § 17,[7] and making the building laws enforceable through G. L. c. 93A, the Legislature intended to deprive contractors of the protection of the statute of repose. General Laws c. 260, § 2B, the statute of repose applicable to building professionals, was enacted by the Legislature in 1968 and amended in 1973 and 1984. See St. 1968, c. 612; St. 1973, c. 777, § 2; St. 1984, c. 484, § 53. As recently as 2018, the Legislature had proposed amendments to the statute to specifically include condominiums.[8]

---

[7] General Laws c. 142A, § 17, was enacted in 1991, and amended in 1998 and 2009. See St. 1991, c. 453; St. 1998, c. 161, § 507; St. 2009, c. 4, §§ 20, 21.

[8] In Commonwealth v. Owens-Corning Fiberglas Corp., 38 Mass. App. Ct. 600, 601 (1995), the Appeals Court held that the

See 2018 House Doc. No. 4236. The consumer protection act, G. L. c. 93A, was passed by the Legislature in 1967, see St. 1967, c. 813, § 1, and various sections have been amended throughout the years. Section 2 was last amended in 1978. See St. 1978, c. 459, § 2. Section 9 was amended in 1970, 1971, 1973, 1978, 1979 (twice), 1986, 1987, 1989, and 2004. See St. 1970, c. 736, §§ 1, 2; St. 1971, c. 241; St. 1973, c. 939; St. 1978, c. 478, §§ 45, 46; St. 1979, c. 72, § 1; St. 1979, c. 406, §§ 1, 2; St. 1986, c. 557, § 90; St. 1987, c. 664, § 3; St. 1989, c. 580, § 1; St. 2004, c. 252, § 1.

As we have already discussed, G. L. c. 260, § 2B, was enacted to shield contractors from the burden of liability

---

asbestos revival statute, which established time periods during which the Commonwealth and its subdivisions could bring actions which would otherwise be time barred by the statute of repose, revived claims against installers of asbestos notwithstanding that the revival statute did not mention the statute of repose. The court reasoned that the phrase is "[s]o foreign to legislative usage" that the Legislature is not expected "to use it or refer to it when enacting [statutes] specially designed to breathe new life . . . into liability that would otherwise have been extinguished by passage of time." Id. at 603. The court noted that "[i]t is also worth bearing in mind that the Commonwealth is not bound by a statute of limitations unless it expressly consents to be bound by such a statute. Id., citing United States v. Commissioner of Banks, 254 Mass. 173, 176 (1925), and Boston v. Nielsen, 305 Mass. 429, 430 (1940). The statutory expression of that principle appears in G. L. c. 260, § 18, which provides that "[t]he limitations of the preceding sections of this chapter . . . shall apply to actions brought by or for the [C]ommonwealth." In thus making itself subject to the bars of c. 260, the consent section does not distinguish between the conventional statutes of limitations that appear in other sections of c. 260 and the statute of repose, which appears in § 2B.

throughout their careers and into retirement for work that had long since been completed. "There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim 'when evidence has been lost, memories have faded, and witnesses have disappeared.'" Klein, 386 Mass. at 709, quoting Rosenberg, 61 N.J. at 201. Had the Legislature intended to remove this shield and expose contractors to indefinite liability for claims arising long after the completion of their work, it would have said so explicitly.[9]

Conclusion. In sum, Bridgwood's G. L. c. 93A claim is sufficiently tort-like to bring it within the ambit of the statute of repose. Because this action was commenced more than six years after the work was completed, it is barred by G. L. c. 260, § 2B, and the complaint was properly dismissed.

---

[9] If the Legislature desires to narrow the applicability of the repose period -- for instance, by amending G. L. c. 260, § 2B, to state that it does not apply to construction claims brought under G. L. c. 142A, § 17 (10), or G. L. c. 93A -- it may do so. Such is the province of the Legislature, not the courts. We decline to hold that the § 2B statute of repose has been superseded "in the absence of express words to that effect." Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981). Likewise, "[i]mplied repeal of a statute is disfavored," and we avoid doing so "unless [that statute] 'is so repugnant to, and inconsistent with, the later enactment that both cannot stand.'" Commonwealth v. Harris, 443 Mass. 714, 725 (2005), quoting LaBranche v. A.J. Lane & Co., 404 Mass. 725, 728 (1989). This is not the case with the statutes at issue.

<u>Judgment affirmed</u>.

GANTS, C.J. (dissenting, with whom Lenk and Budd, JJ., join). General Laws c. 260, § 5A, provides that "[a]ctions arising on account of violations of any law intended for the protection of consumers, including but not limited to . . . [G. L. c. 93A (c. 93A)] . . . whether for damages, penalties or other relief and brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues." Section 5A is solely a statute of limitations -- it contains no statute of repose. In contrast, G. L. c. 260, § 2B, which governs actions "of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property," and G. L. c. 260, § 4, which governs actions "of contract or tort for malpractice" against physicians, contain both a statute of limitations and a statute of repose. Because a statute of repose is, after all, a creature of statute and not of the common law, and because the Legislature did not choose in G. L. c. 260, § 5A, to bar consumers through a statute of repose from bringing c. 93A claims that are timely under the statute of limitations, I dissent.

A statute of limitations limits the time in which a plaintiff may bring an action "after the cause of action accrues." See G. L. c. 260, §§ 2B, 5A. A cause of action does

not accrue until a plaintiff "knows or reasonably should know that he or she has suffered harm and that the harm was caused by the [defendant's] conduct." Parr v. Rosenthal, 475 Mass. 368, 378 (2016). Consequently, the statute of limitations clock does not begin to run until a plaintiff knows, or should know, that he or she has suffered an injury arising from the defendant's conduct. See id. See also Hendrickson v. Sears, 365 Mass. 83, 91 (1974). If that knowledge is delayed because the defendant has fraudulently concealed the injury, or otherwise misled the plaintiff regarding the cause of his or her injury, the clock is tolled until the plaintiff is put on reasonable notice of the defendant's responsibility for his or her injury. See Hays v. Ellrich, 471 Mass. 592, 603, cert. denied, 136 S. Ct. 503 (2015). The statute of limitations for actions of tort for damages arising out of any negligence in the design, planning, improvement, or construction of real property is three years. See G. L. c. 260, § 2B. The statute of limitations for actions arising from a violation of a law intended for the protection of consumers, including c. 93A, is four years. See G. L. c. 260, § 5A. Where the same conduct constitutes both a common-law tort under G. L. c. 260, § 2B, and a violation of a consumer law such as c. 93A under G. L. c. 260, § 5A, the plaintiff is entitled to the four-year statute of limitations under § 5A, regarding the cause of action arising from the violation of c. 93A. See

Passatempo v. McMenimen, 461 Mass. 279, 297 (2012) ("the mere fact that the G. L. c. 93A violations alleged would also support a common-law tort claim does not make them subject to the shorter, three-year limitation period").  See also Fine v. Huygens, DiMella, Shaffer & Assocs., 57 Mass. App. Ct. 397, 404-405 (2003) ("We reject the contention that a c. 93A claim necessarily fails because the underlying claim upon which it depends has been dismissed as not timely filed. . . .  The c. 93A claim need only be dismissed if, under c. 93A's four-year limitations period . . . , it was not timely filed" [citation omitted]).

Under a statute of repose, however, the repose clock starts to run, not at the time the cause of action accrues, but at a time established by statute.  For common-law tort actions under G. L. c. 260, § 2B, the clock starts to run from the earlier of the date of "the opening of the improvement to use" or the date the owner takes possession of the improvement for occupancy after its "substantial completion."  Consequently, under G. L. c. 260, § 2B, even if the limitations clock has yet to accrue because the injury from a contractor's misconduct is not yet apparent, or because the contractor has concealed the misconduct from the property owner, the property owner is barred from bringing any tort claim after the six-year statute of repose period.  See Sullivan v. Iantosca, 409 Mass. 796, 798 (1991)

("Section 2B, in its statute of repose aspect, forbids us from considering the fact that a plaintiff did not discover or reasonably could not have discovered the harm before the six-year period of the statute of repose expired," and "[w]e similarly reject the plaintiff's claim that the fraudulent concealment provisions of G. L. c. 260, § 12 . . . [and any common law estoppel] prevent [the statute of repose in G. L. c. 260, § 2B,] from applying here" [citations omitted]).  In short, as is alleged in this case, the property owner may be barred by the statute of repose from bringing a claim before he or she knows, or reasonably should know, that he or she even has a claim -- even where the defendant has fraudulently concealed the claim from the plaintiff.  Consequently, a statute of repose reflects a legislative decision that it is more important to protect certain defendants from old claims than it is to protect the right of plaintiffs to enforce otherwise valid and timely claims.

The statute of repose was added to G. L. c. 260, § 2B, in 1968.  See St. 1968, c. 612.  At that time, it could not have been intended to cover claims under c. 93A, because there was no private right of action for consumers under c. 93A, § 9, until 1969.  See St. 1969, c. 690.

General Laws, c. 260, § 5A, which established a four-year statute of limitations for actions claiming a violation of

c. 93A, was enacted in 1975.  See St. 1975, c. 432, § 2.  By 1975, it was well established that new home construction claims may fall within the rubric of G. L. c. 93A, § 9, because in 1971, § 9 was amended to protect any person injured through an unfair or deceptive act or practice who "purchases or leases goods, services or property, real or personal" (emphasis added).  See St. 1971, c. 241, amending St. 1970, c. 736, § 1.[1]  This revision of § 9 was meant specifically to extend the scope of c. 93A private causes of action to the sale of real estate, which is made apparent by the act's title:  "An Act extending certain equitable remedies under the consumer protection law to certain aggrieved persons who purchased real estate for personal or family use."  See St. 1971, c. 241.  At the time, then Governor Francis W. Sargent submitted official remarks, stating that the "bill will help answer complaints of those who have been victimized by the few fly-by-night builders who try to leave expensive corrective repairs to the hapless new homeowner."  See 1971 House Doc. No. 5221.  Even though c. 93A

---

[1] The language of G. L. c. 93A, § 9, has since been amended, and now § 9 affords a remedy to "[a]ny person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder . . . ."  See St. 1979, c. 406, § 1.  This amendment broadens even further the protection afforded to persons injured through an unfair or deceptive act or practice, insofar as § 9 "may no longer contain limits based on the nature of the transaction."  Murphy v. Charlestown Sav. Bank, 380 Mass. 738, 743 (1980).  See id. at 743 n.7.

claims were recognized as potentially including actions alleging deficiency or neglect in the design and construction of new homes, no statute of repose was included in G. L. c. 260, § 5A, to protect those responsible for the design or construction of defective homes.

In 1991, the Legislature enacted G. L. c. 142A. See St. 1991, c. 453. Section 17 protects consumers from unsavory contractors and subcontractors by identifying seventeen types of prohibited acts by contractors and subcontractors, including violating the building laws of the Commonwealth or of any political subdivision, and sets forth three separate and distinct avenues to enforce these prohibitions. See G. L. c. 142A, § 17. First, the statute provides that any violation of § 17 "shall constitute an unfair or deceptive act under the provisions of [c. 93A]," and thus creates a private right of action under c. 93A, § 9, for such violations. See G. L. c. 142A, § 17. Second, the statute provides that "[v]iolations of this section shall subject the violator to the administrative sanctions of [G. L. c. 142A, § 18]," which include revocation or suspension of the contractor's or subcontractor's certificate of registration, and administrative penalties of up to $2,000 for each violation. See G. L. c. 142A, §§ 17, 18. Third, the statute provides that "[v]iolations of this section shall subject the violator to . . . criminal prosecution as prescribed

in [G. L. c. 142A, § 19]," which authorizes the Attorney General or any district attorney to prosecute any person who knowingly and wilfully violates any provision of § 17 and, unless another statute provides for a greater penalty, subjects the violator upon conviction to imprisonment of up to one year or a fine of up to $2,000, or both, in addition to any administrative penalty.  See G. L. c. 142A, §§ 17, 19.

There is no reason to believe that the Legislature intended to limit the private right of action to remedy violations of G. L. c. 142A, § 17, through civil actions under c. 93A by imposing a statute of repose.  Not only did the Legislature fail to include any statute of repose in G. L. c. 260, § 5A, but it deemed the conduct in G. L. c. 142A, § 17, so serious that it provided three separate and distinct means to enforce any violation, including criminal prosecution.  Why would the Legislature seek to protect those who engaged in such unfair and deceptive acts from c. 93A actions brought within the statute of limitations by granting them a statute of repose that could potentially shield such violations from any private cause of action by injured consumers?  And why would the Legislature provide an incentive to those who engage in such unfair and deceptive acts to conceal those acts from the consumer until six years have passed, so that the statute of repose could thwart a

consumer from obtaining a remedy for his or her injury under
c. 93A?

The court's opinion appears to rest on four Appeals Court
opinions for its conclusion that we look "to the gist of the
action to determine whether the statute of repose applies."
Ante at   .  But a closer look at these cases demonstrates that
they offer scant support for this conclusion.  In the earliest
of the four cases, Beaconsfield Townhouse Condominium Trust v.
Zussman, 49 Mass. App. Ct. 757 (2000), the Appeals Court ordered
all the claims, including the c. 93A claim, dismissed not
because of the statute of repose, but because of the statute of
limitations.  See id. at 757 ("We decide that the grounds for
the causes of action against the defendants were knowable by the
trust as early as February, 1978, and were barred by the
applicable statutes of limitations by the time the complaint was
filed in 1986 against the residual defendants.  Accordingly, we
reverse the judgment").  Although the Appeals Court declared
that all the claims against the relevant defendants, including
the c. 93A claims, were "in the nature of tort" in that they all
relied on alleged misrepresentations regarding the quality of
the roof that was delivered, the court recognized that the c.
93A claims were subject to the four-year statute of limitations
under G. L. c. 260, § 5A, not the three-year statute of

limitations under G. L. c. 260, § 2B. See id. at 760-761 &
n.12. The term "repose" was never used in the opinion.

In the second opinion, Rosario v. M.D. Knowlton Co., 54
Mass. App. Ct. 796, 797 (2002), the plaintiff was injured by a
hydraulic lift that had been installed a decade earlier in a
manufacturing facility, and brought claims against the
manufacturer and distributor of the hydraulic lift alleging
negligence, breach of the express and implied warranty, and
unfair or deceptive acts or practices, in violation of c. 93A.
The motion judge granted summary judgment for the defendants on
all claims, finding that the claims were barred under the
statute of repose because the lift was "an improvement to real
property" and, therefore, the claims were governed by the
statute of repose in G. L. c. 260, § 2B. See id. at 797, 800.
The issues on appeal were whether the lift (which was
permanently installed at the manufacturing facility) constituted
"an improvement to real property," and whether the defendants
were "protected actors" under § 2B. See id. at 799-800. The
Appeals Court ruled that the lift was an improvement to real
property, and that the defendants were protected actors,
accordingly affirming the grant of summary judgment. See id. at
800-802. There is no indication from the opinion that the
plaintiff challenged the application of the statute of repose in
G. L. c. 260, § 2B, to his c. 93A claim. As a result, all that

the Appeals Court said as to that claim was that the plaintiff's "c. 93A count is premised on claims dismissed on summary judgment.  This count falls with them."  Id. at 803.

In the third opinion, Fine, 57 Mass. App. Ct. at 404, the Appeals Court determined that each of the c. 93A claims was based on an alleged breach of the implied warranty of merchantability, and were therefore "tort-like in nature."  But the Appeals Court nonetheless declared that the claims asserting unfair and deceptive trade practices under c. 93A were governed by the four-year statute of limitations period in § 5A, not the three-year limitations period for torts, and expressly rejected "the contention that a c. 93A claim necessarily fails because the underlying claim upon which it depends has been dismissed as not timely filed."  Id. at 404-405.  The court provided no explanation as to why it determined that the statute of repose in G. L. c. 260, § 2B, applied to claims under c. 93A that are "tort-like in nature," when the statute of limitations in G. L. c. 260, § 5A, not the limitations period in G. L. c. 260, § 2B, applied to these same claims.  See id. at 404.

The fourth opinion, Kelley v. Iantosca, 78 Mass. App. Ct. 147 (2010), cites both Beaconsfield Townhouse Condominium Trust and Fine for its conclusory declaration that the c. 93A "claim is barred by the statute of repose, for although focusing on c. 93A, those allegations are sufficiently tort-like to bring

them within [G. L. c. 260, § 2B's] ambit." Kelley, supra at 154.[2]

These cases have led the court to conclude that, if a c. 93A claim is "tort-like" in nature, the statute of repose in § 2B applies. But we only look to the nature of the underlying claim where the claim arises under the common law. Thus, where a plaintiff frames what is essentially a common-law claim sounding in tort as a contract claim in an attempt to obtain the benefit of the six-year statute of limitations under G. L. c. 260, § 2 -- rather than the three-year statute of limitations under G. L. c. 260, § 2A (for actions in tort or contract to recover for personal injuries, and actions in replevin) or § 2B -- we "look to the 'gist of the action'" and apply the three-year statute of limitations applicable to torts. See Anthony's

---

[2] The court's opinion also looks for support from Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165, 178-179 (2013), where we held that a c. 93A claim survived the death of the plaintiff under the Massachusetts survival statute, G. L. c. 228, § 1. Section 1 makes no reference to c. 93A claims, but did provide for the survival of "'[a]ctions of tort for . . . other damage to the person." Klairmont, supra at 179. We held that the c. 93A claim, which rested on persistent and knowing violations of the building code that created hazardous conditions in a bar and restaurant, "is substantively akin to the types of torts within the scope of G. L. c. 228, § 1, and that, therefore, the claim survives." Id. In Klairmont, we interpreted a statute (G. L. c. 228, § 1) that we described as "flexible" and "dynamic," see id., quoting Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 215 (1979), to permit the survival of a c. 93A claim after the death of the plaintiff. Our ruling in that case does not provide support for this court's attempt to deprive the plaintiff of her ability to bring a c. 93A claim that is timely under the statute of limitations.

Pier Four, Inc. v. Crandall Dry Dock Eng'rs, Inc., 396 Mass. 818, 823 (1986), quoting Hendrickson, 365 Mass. at 85 ("A plaintiff may not . . . escape the consequences of a statute of repose or statute of limitations on tort actions merely by labelling the claim as contractual. The court must look to the 'gist of the action'"). But where the underlying claim is a "tort-like" statutory claim brought under c. 93A, our case law makes clear that we apply the four-year statute of limitations specified in G. L. c. 260, § 5A, see supra, not the three-year statute of limitations in G. L. c. 260, § 2A or 2B. See Passatempo, 461 Mass. at 297; Beaconsfield Townhouse Condominium Trust, 49 Mass. App. Ct. at 761. In doing so, we not only respect the statutory mandate in G. L. c. 260, § 5A, but also recognize that a c. 93A claim "is neither wholly tortious nor wholly contractual in nature, and is not subject to the traditional limitations of preexisting causes of action." Kattar v. Demoulas, 433 Mass. 1, 12 (2000), quoting Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975).

In addition, where we apply the statute of limitations in G. L. c. 260, § 2B, we also apply the statute of repose in § 2B. See Kelley, 78 Mass. App. Ct. at 150; Fine, 57 Mass. App. Ct. at 401-404. It does not make sense to exempt c. 93A claims from the statute of limitations in § 2B and yet still subject such claims to the statute of repose in § 2B. Where the Legislature

did not choose to include a statute of repose under G. L. c. 260, § 5A, to shield those who engaged in unfair and deceptive acts in violation of c. 93A from six-year old claims that are timely brought under the statute of limitations, it is not the appropriate role of this court to do it ourselves. Because this opinion, in effect, adds a statute of repose to G. L. c. 260, § 5A, for c. 93A claims to protect contractors and subcontractors from liability for unfair and deceptive acts that arise out of deficiency or neglect in their design, planning, or construction, and because this is a usurpation of a distinctly legislative prerogative, I dissent.