NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-720

DUANE ALVES[1]

vs.

ROBERT COHAN & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Duane Alves (plaintiff) was seriously injured in a bar fight.  He retained Cohan and Plaut (with others, the attorney defendants,) to represent him in a civil action for damages; they also defended him in a related action.  After losing both cases, the plaintiff brought this malpractice action against the attorney defendants.  The judge ruled that the plaintiff's claims for malpractice, breach of contract, and violation of G. L. c. 93A were barred by the applicable statutes of limitations and awarded summary judgment to the attorney defendants.  We affirm.

---

[1] When Duane Alves died, Thomas F. Stalcup, as personal representative of his estate, was substituted as the plaintiff.
[2] Jonathan Plaut, Cohan Rasnick Myerson Plaut LLP, Cohan Rasnick Myerson, LLP, and Chardon Law Offices.

Background. "We recite the material facts in the light most favorable to [the plaintiff], as the nonmoving party." Lyons v. Nutt, 436 Mass. 244, 245 (2002). The plaintiff was working as a disc jockey when he was seriously injured in a bar fight. He retained the attorney defendants under a contingent fee agreement (the agreement) "to handle, compromise, adjust and do any and all necessary things in the prosecution of any claims which [the plaintiff] may have against his assailants, [the bar] and others arising out of [the] assault and battery."

In May 2012, the attorney defendants filed suit on behalf of the plaintiff in Federal District Court. Alves v. Daly, et al., U.S. Dist. Ct., D. Mass., No. 12-10935-MLW (Federal case). Contemporaneously, one of the defendants named in the Federal case filed an action against the plaintiff in Superior Court (Superior Court case). The attorney defendants began defending the plaintiff in the Superior Court case.

The plaintiff's relationship with the attorney defendants began to deteriorate in early 2014. Between January and March 2014, the attorney defendants entered a $40,000 partial settlement (Fidde settlement) in the Federal case, without the plaintiff's consent, and insisted that the plaintiff (1) reimburse them from the settlement proceeds for expenses they had incurred, (2) advance the cost of additional expenses, (3) sign a modification to the agreement, and (4) pay an additional

2

$10,000 for their continued defense in the Superior Court case. The plaintiff, under pressure, signed the modified agreement in March 2014. Then, in January 2015, the attorney defendants settled the Superior Court case without the plaintiff's consent or knowledge.

The Federal case was tried over three weeks in May 2015, during which the parties' relationship continued to deteriorate. The plaintiff contends that the attorney defendants negligently represented him by, among other things, failing to present essential evidence, call certain witnesses, and raise appropriate objections. The jury returned a defense verdict on May 27, 2015.

Following the verdict, the Federal case remained open pending the judge's ruling on the plaintiff's c. 93A claim against the bar where he was injured. The attorney defendants continued to negligently represent the plaintiff by failing to inform the judge of perjury by two trial witnesses and by entering a $25,000 settlement with the bar, again without the plaintiff's knowledge or consent.[3] On July 2, 2015, a final judgment entered on all counts for the Federal defendants. At the plaintiff's request, the attorney defendants filed a motion

---

[3] This settlement was withdrawn by counsel for the bar after the plaintiff denied that his counsel had actual authority to enter into such an agreement.

for a new trial, but they failed to raise a "critical issue." The new trial motion was denied on August 13, 2015.

On July 2, 2018,[4] the plaintiff filed this case against the attorney defendants, claiming breach of contract, malpractice, violations of c. 93A, and related claims.[5] The attorney defendants moved to dismiss and for summary judgment on the ground that the claims were barred by the three-year statute of limitations for malpractice actions because Alves had actual knowledge of the facts giving rise to his claims before July 2, 2015. Relying on the continuing representation doctrine, a Superior Court judge initially denied the attorney defendants' motion. After the attorney defendants moved for reconsideration the judge concluded that, because Alves admitted he knew of the appreciable harm caused by his attorneys by May 2014, his underlying tort and contract malpractice claims, as well as the c. 93A claim, were barred by the applicable statutes of limitations. This appeal followed.

Discussion. We review summary judgment decisions de novo. Kiribati Seafood Co. v. Dechert, LLP, 478 Mass. 111, 116 (2017). "Summary judgment is appropriate where the 'pleadings,

---

[4] In November 2016, Alves filed a "Request for Investigation" of the attorneys with the Board of Bar Overseers (BBO). The investigation was closed in January 2017, after the BBO concluded that there was insufficient evidence to prove that the attorney defendants committed an ethical violation.
[5] A claim for conspiracy to defraud was dismissed by agreement.

4

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Vinci v. Byers, 65 Mass. App. Ct. 135, 138 (2005), quoting Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997).

1. Statutes of limitations. a. Applicability of G. L. c. 260, § 4. "Actions of contract or tort for malpractice, error or mistake against attorneys . . . shall be commenced only within three years next after the cause of action accrues." G. L. c. 260, § 4. See G. L. c. 260, § 2A (three-year statute of limitations for tort actions). Although purely contractual claims are subject to a six-year statute of limitations under G. L. c. 260, § 2, "[a] plaintiff may not . . . escape the consequences of a . . . statute of limitations on tort actions merely by labelling the claim as contractual. The court must look to the 'gist of the action.'" Anthony's Pier Four, Inc. v. Crandall Dry Dock Eng'rs, Inc., 396 Mass. 818, 823 (1986), quoting Hendrickson v. Sears, 365 Mass. 83, 85 (1974).

Close scrutiny of the "gist of the action" reveals the true nature of the plaintiff's breach of contract claim to be that the attorney defendants failed to "represent [him] faithfully and with due diligence as . . . promised" in the agreement, by: (1) requiring him to pay expenses exceeding $2,000 out of the

5

Fidde settlement, (2) coercing him to sign a new agreement, (3) requiring him to pay an additional $10,000, and (4) settling the Superior Court case without his knowledge or consent. The problem is that, even if the attorney defendants "represented to [the plaintiff] that they would continue to defend [him] in the . . . Superior Court case through trial" but "[a]lmost immediately upon securing [his] signature . . . began pressuring [him]" to settle the Superior Court case, there was nothing in the agreement requiring the attorney defendants to represent the plaintiff in the Superior Court case without additional compensation.[6]  See Williams v. Ely, 423 Mass. 467, 474 (1996) ("the plaintiff has the burden of proving that the facts take the case outside of the statute of limitations").  Because the plaintiff's breach of contract claim was based on the attorney defendants' conduct under the agreement, the judge properly determined that it was subject to the three-year statute of limitations for malpractice actions.  See Klein v. Catalano, 386 Mass. 701, 719-720 (1982) (negligence claim barred by statute of repose could not be recast and brought under breach of implied warranty theory); Earley v. Slavin, 101 Mass. App. Ct. 198, 201-

---

[6] The plaintiff was not served with the Superior Court complaint until two weeks after he entered into the agreement.

6

202 (2022) (substance of allegations, not form, determine whether claim sounds in malpractice or contract).[7]

b. _Accrual of malpractice claims_. Having concluded that the plaintiff's claims sounded in malpractice, we consider the application of the statute of limitations to those claims. "The statute of limitations applicable to a legal malpractice claim begins to run when a client 'knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer's conduct.'" _Lyons_, 436 Mass. at 247, quoting _Williams_, 423 Mass. at 473. "[A]ppreciable harm is 'injury, loss or detriment' that is 'capable of being measured or perceived.'" _Vinci_, 65 Mass. App. Ct. at 139, quoting _Kennedy_ v. _Goffstein_, 62 Mass. App. Ct. 230, 233 (2004). "The plaintiff need not know the full extent of [his] injury for a cause of action to accrue and for the statute of limitations to begin running." _Taygeta Corp._ v. _Varian Assocs._, 436 Mass. 217, 229 (2002). "Although the question of when the cause of action accrued typically presents a question of fact, when the facts regarding discovery

---

[7] Where the agreement entitled the attorney defendants to "Forty (40%) percent of the gross amount collected" and required the plaintiff to "pay all costs and expenses made [on his behalf]," the record does not support that the attorney defendants' retention of forty percent of the Fidde settlement, and expenses incurred therefrom, constituted an "intentional repudiation" of the agreement. See 477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514, 523 (2019) (colorable claim for breach of contract requires plaintiff to establish breach).

7

of harm are undisputed, the question may be decided as a matter of law." Vinci, supra.

"The continuing representation doctrine 'tolls the statute of limitations in legal malpractice actions where the attorney in question continues to represent the plaintiff's interests in the matter in question.'" Vinci, 65 Mass. App. Ct. at 139. See Murphy v. Smith, 411 Mass. 133, 137 (1991). "The doctrine has no application, however, where the client actually knows that he suffered appreciable harm as a result of his attorney's conduct. If the client has such knowledge, then there is no 'innocent reliance which the continued representation doctrine seeks to protect.'" Lyons, 436 Mass. at 250, quoting Cantu v. St. Paul Cos., 401 Mass. 53, 58 (1987).

The plaintiff's pre and postjudgment malpractice claims accrued before July 2, 2015, and thus they are barred by the three-year statute of limitations. See G. L. c. 260, § 4. The undisputed record reveals that the plaintiff had actual knowledge of the attorney defendants' appreciable harm as early as May 2014, when they (1) insisted he sign a modification to the agreement, (2) required him to pay additional funds, and (3) refused to continue defending him in the Superior Court without additional compensation. See Parr v. Rosenthal, 475 Mass. 368, 383 (2016) ("actual knowledge that an attorney caused a client appreciable harm generally means actual knowledge that the

8

attorney committed legal malpractice"); Cantu, 401 Mass. at 57-58 ("necessary coalescence of discovery and appreciable harm occurred" when plaintiff incurred legal fees from hiring new attorney). The statute of limitations began to run when the plaintiff knew that he would have to pay an additional $10,000 due to the attorney defendants' conduct. See Frankston v. Denniston, 74 Mass. App. Ct. 366, 375 (2009) (incurring additional legal fees sufficient to trigger "duty of inquiry . . . into the issue or problem underlying the potential legal error or omission").

We are not persuaded that the attorney defendants' "negligent preparation" of the motion for a new trial constituted a separate "unknowable" act of posttrial malpractice. Unlike the plaintiffs in Murphy, 411 Mass. at 137, who knew their attorney had mistakenly certified good title to their property but reasonably believed "he would take care of it," the plaintiff here had actual knowledge of the attorney defendants' continuing harm well before asking them to file a motion for a new trial. Especially given the attorney defendants' conduct during trial, the plaintiff could no longer "repose confidence in the [defendants'] ability and good faith[,]" id., and his posttrial malpractice claims are therefore barred by the three-year statute of limitations. See Lyons, 436 Mass. at 247-248, 251 (continuing representation

9

exception did not apply after client realized his law firm "didn't know what they were doing"); Frankston, 74 Mass. App. Ct. at 375 ("[t]hat a case is ongoing and not finally adjudicated through the trial or appellate stage does not mean that there is no duty of inquiry into the harm and its connection to the attorney's conduct and no accrual of a legal malpractice claim").  Compare Spilios v. Cohen, 38 Mass. App. Ct. 338, 340-341 (1995) (client had misgivings about attorney before trial but innocently relied on his representation at trial because she could not have known of harm until judge decided case).

    2.  Unfair and deceptive practices under G. L. c. 93A.  "A four-year statute of limitations applies to G. L. c. 93A claims."  Lambert v. Fleet Nat'l Bank, 449 Mass. 119, 126 (2007).  "Under the 'discovery rule,' this limitations period is subject to tolling until the plaintiff knew or should have known of the alleged injury."  Id., quoting Albrecht v. Clifford, 436 Mass. 706, 714-715 (2002).  "To prevail on a claim under G. L. c. 93A, the plaintiff must demonstrate an unfair or deceptive act or practice by the [defendants], i.e., one that falls 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness."  Lambert, supra at 126-127, quoting Wasserman v. Agnastopoulos, 22 Mass. App. Ct. 672, 679 (1986).

The plaintiff alleges two violations of c. 93A, one based in contract and one in tort, arising from the attorney defendants' "unfair and deceptive acts and omissions" throughout their representation. Because the plaintiff's contract-based c. 93A claim arises from the same set of facts supporting his breach of contract claim, the accrual date for those claims was also March 2014, when he was harmed by being coerced into signing the modified contract and paying a $10,000 additional fee. See Lambert, 449 Mass. at 126 (plaintiff should have known of claim based on bank officers' "stringing [him] along" and causing him to "forgo other [refinancing] opportunities" at time it became clear bank would not renew loan). The c. 93A contract claim was therefore barred by the four-year statute of limitations.[8]

Similarly, the plaintiff's malpractice-based c. 93A claim amounts to a recasting of his legal malpractice claim. Thus, it is subject to, and barred by, the three-year statute of limitations for negligence claims. See Bridgwood v. A.J. Wood Constr., Inc., 480 Mass. 349, 355-357 (2018) (c. 93A claim

---

[8] The plaintiff's claim also fails on the merits. The claim arises from the same set of facts supporting his breach of contract claim, and, absent proof of the misrepresentation, his claim amounts to one of legal malpractice. Poly v. Moylan, 423 Mass. 141, 151 (1996), cert. denied, 519 U.S. 1114 (1997) (absent conduct by attorney amounting to dishonesty, fraud, deceit, or misrepresentation, legal malpractice does not satisfy requirements for claim under c. 93A).

11

indistinguishable from negligence claim sufficiently tort-like to fall within ambit of statute of repose); <u>Darviris</u> v. <u>Petros</u>, 442 Mass. 274, 278 (2004) ("a violation of G. L. c. 93A requires, at the very least, more than a finding of mere negligence").

<u>Judgment affirmed</u>.

By the Court (Blake,
  Hershfang & D'Angelo, JJ.[9]),

Clerk

Entered:  April 12, 2023.

---

[9] The panelists are listed in order of seniority.