MORAN vs. BENSON, 100 Mass. App. Ct. 744

 
 JOAN MORAN & another [Note 1] vs. CAROLYN BENSON & others. [Note 2]

100 Mass. App. Ct. 744
 January 5, 2022 - March 1, 2022

Court Below: Superior Court, Worcester County
Present: Vuono, Meade, & Grant, JJ.

 

Repose, Statute of. Negligence, Statute of repose, Medical malpractice. Medical Malpractice. Practice, Civil, Dismissal, Claim barred by statute of repose.

The statute of repose, G. L. c. 260, § 4, second par., barred the plaintiff's medical malpractice claim alleging that a radiologist sent to the defendants a report based on a magnetic resonance imaging scan indicating that the plaintiff likely had multiple sclerosis, and the defendants neither advised the plaintiff that she needed to be monitored for her progressive multiple sclerosis nor set in motion a plan for responsible care and treatment of her condition by a multiple sclerosis specialist, where, even generously reading the complaint to have alleged separate acts of negligence rather than merely acts of continuing treatment, such a reading would nonetheless be eclipsed by the fact that the definitely established event of the defendants' initial failure (which persisted for almost two years after multiple appointments) to inform the plaintiff of and treat her for the diagnosis of multiple sclerosis occurred nearly eight years before the complaint was filed, and there was no continuing treatment exception to the statute. [745-749]

CIVIL ACTION commenced in the Superior Court Department on October 7, 2019. 

 A motion to dismiss was heard by J. Gavin Reardon, Jr., J., and separate and final judgment was entered by him. 

 Scott M. Heidorn for the plaintiffs.

 J. Peter Kelley for the defendants.

 MEADE, J. This appeal presents a medical malpractice case in which the plaintiffs alleged negligence by the defendants due to a delayed diagnosis and treatment of Joan Moran's (Moran) progressive multiple sclerosis. Carolyn Benson, N.P., Herbert Markley, M.D., and NERHC, Inc., doing business as the New England Regional Headache Center, Inc. (defendants), moved to dismiss the complaint, arguing that the plaintiffs' claims are barred by the statute of repose.

 Page 745 

 See G. L. c. 260, § 4. After a hearing before a Superior Court judge, the motion was allowed, a separate and final judgment entered, and this appeal ensued. We affirm.

 1. Background. "We recite the facts asserted in the . . . complaint, taking them as true for purposes of evaluating the motion to dismiss." Edwards v. Commonwealth, 477 Mass. 254, 255 (2017). In 2011, Moran was experiencing headaches. On October 14, 2011, she sought treatment for her headaches from the defendants. The defendants ordered a magnetic resonance imaging (MRI) scan to determine the cause of her headaches. On October 25, 2011, the MRI was conducted. Two days later, based on the MRI, a radiologist wrote a report which indicated that Moran likely had multiple sclerosis.

 The radiologist sent the report to the defendants on the same day. 

 On November 14, 2011, Moran had a follow-up appointment with the defendants, but none of them advised her that she needed to be monitored, or receive treatment, for multiple sclerosis. Similar inaction occurred at Moran's later appointments in January, March, and June of 2012. Throughout this time, Moran continued to exhibit symptoms of multiple sclerosis. 

 At her June 11, 2012 appointment, Moran was advised to follow up in four months; however, she did not return to see the defendants at that time. Moran was last seen by the defendants in July of 2013, at which time she was prescribed migraine medication. In September of 2019, Moran saw a neurologist who diagnosed her with a progressive form of multiple sclerosis. Between October 2012 and the present, Moran's condition has deteriorated significantly due to lack of proper treatment. As a result of the delayed diagnosis and treatment, Moran has suffered significant injury. The complaint in this matter was filed on October 7, 2019. 

 2. Discussion. a. Standard of review. We review de novo the allowance of a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). We accept "the facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff[s'] favor." Edwards, 477 Mass. at 260. However, "[w]e do not regard as 'true' legal conclusions cast in the form of factual allegations." Id., quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009). To survive a motion to dismiss, the facts alleged must

 Page 746 

 "'plausibly suggest[] (not merely [be] consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" (citation omitted). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

 b. Statute of repose. General Laws c. 260, § 4, second par., provides: 

"Actions of contract or tort for malpractice, error or mistake against physicians, surgeons . . . hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body" (emphasis added).

The emphasized language above constitutes a statute of repose, "[t]he effect [of which] 'is to place an absolute time limit on the liability of those within [its] protection and to abolish a plaintiff's cause of action thereafter, even if the plaintiff's injury does not occur, or is not discovered, until after the statute's time limit has expired.'" Parr v. Rosenthal, 475 Mass. 368, 382 (2016), quoting Rudenauer v. Zafiropoulos, 445 Mass. 353, 356-357 (2005). "Statutes of repose are to be contrasted with statutes of limitation, which commence at the time a cause of action accrues, typically when damages are sustained or discovered." Joslyn v. Chang, 445 Mass. 344, 347 (2005).

 c. Separate acts or omissions. Moran claims that the judge erred in determining that the statute of repose required the dismissal of her complaint because she alleged additional negligent acts or omissions (after the initial 2011 failure to disclose the diagnosis of multiple sclerosis) that fell within the seven-year period and were not extinguished by the statute. In particular, Moran seeks to characterize each encounter with the defendants, in which they did not advise and treat her for multiple sclerosis, as a separate negligent act or omission, including the defendants' continued prescription of migraine medication up to July of 2013. We disagree.

 Page 747 

 "A repose period begins to run from some 'definitely established event,' abolishing a plaintiff's cause of action thereafter, even if the injury does not occur, or is not discovered, until after the statute's time limit has expired." Rudenauer, 445 Mass. at 358. See McGuinness v. Cotter, 412 Mass. 617, 622 (1992). Here, as the judge properly determined, the act or omission which is the alleged cause of Moran's injury, i.e., the "definitely established event," was the failure to inform her of, and treat her for, the diagnosis of multiple sclerosis in October of 2011. That failure, which persisted for almost two years after multiple appointments, arises from the initial failure to inform her of the MRI results and to treat her accordingly, which was the negligence alleged in the complaint. 

 Moran labors hard to claim the defendants' actions within the repose period are separate acts or omissions constituting negligence; however, such acts are nothing more than the defendants' acts of continuing treatment. In particular, Moran claims that each instance in which she was treated by the defendants, and not properly diagnosed, constituted a separate act of medical malpractice. Relying on Rudenauer, 445 Mass. at 360, she asserts that the statute of repose would not extinguish any treatment incidents that occurred within seven years of her filing the suit. Although the Rudenauer court alluded to such incidents, it held that those claims suffered from a "complete failure of proof concerning an essential element" of the plaintiff's case. Id., citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). 

 In any event, Moran's claim is without merit because the negligence alleged in the complaint is that the defendants neither advised her that she needed to be monitored for her progressive multiple sclerosis, nor did they set in motion a plan for responsible care and treatment of her condition by a multiple sclerosis specialist. This was the entirety of her claim, and the treatment within the seven-year period was not alleged to be separate acts of negligence, but merely acts of continued treatment. Even if we generously read the complaint to have alleged separate acts of negligence, that reading would nonetheless be eclipsed by the fact that the "definitely established event" of the MRI occurred nearly eight years before the complaint was filed. See McGuinness, 412 Mass. at 622. 

 As the Supreme Judicial Court recognized in Rudenauer itself:

"The repose provision of G. L. c. 260, § 4, reflects a legislative

 Page 748 

 determination that an absolute time limit is appropriate in medical malpractice actions despite those conflicting values. Its clear language, as supported by its history and purpose, permits no conclusion other than that the Legislature intended to extinguish malpractice claims seven years after negligent acts or omissions even when a doctor's treatment of, or responsibility for, a condition continued beyond the alleged negligence."

Rudenauer, 445 Mass. at 358. From the concluding clause of this portion of the opinion, the court made it clear that there is no continuing treatment exception to the statute of repose. Indeed, the court held that "[i]t would be especially inappropriate to read § 4 as 'intending' a continuous treatment exception. Tolling under such rules would vitiate the statute of repose." Id. at 359. See Joslyn, 445 Mass. at 350 ("statutes of repose are not subject to any form of equitable tolling"); Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 631 n.19 (1997) (same). If the Legislature intended otherwise, it would have included continuing treatment along with the only expressed exception in the statute for "leaving of a foreign object in the body." G. L. c. 260, § 4. See Stearns v. Metropolitan Life Ins. Co., 481 Mass. 529, 536 (2019). See also Fernandes v. Attleboro Hous. Auth., 470 Mass. 117, 129 (2014) ("The omission of particular language from a statute is deemed deliberate where the Legislature included such omitted language in related or similar statutes"). Moran cannot simply recharacterize her claim to avoid the operation of a statute of repose. See Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 692, cert. denied, 484 U.S. 953 (1987); Szulc v. Siciliano Plumbing & Heating, Inc., 99 Mass. App. Ct. 729, 733-734 (2021).

 As the Supreme Judicial Court has concluded in the past, the operation of a statute of repose can lead to harsh results. See, e.g., Rudenauer, 445 Mass. at 358; Joslyn, 445 Mass. at 351; Nett v. Bellucci, 437 Mass. 630, 647 (2002); Harlfinger v. Martin, 435 Mass. 38, 46-47 (2001); Klein v. Catalano, 386 Mass. 701, 713 (1982). This case is no different. Even where a possibly meritorious claim will go unredressed by operation of the statute of repose, that is a policy decision the Legislature has made. [Note 3] Joslyn, supra at 351. The principles of judicial restraint embodied in art. 

 Page 749 

30 of the Massachusetts Declarations of Rights prohibits us from revisiting and altering that policy choice. Joslyn, supra at 351-352. See Zayre Corp. v. Attorney Gen., 372 Mass. 423, 433 (1977). See also art. 30, supra ("the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men").

Judgment affirmed.

FOOTNOTES
[Note 1] Shawn Moran. 

[Note 2] Herbert Markley and NERHC, Inc., doing business as the New England Regional Headache Center, Inc. 

[Note 3] The statute of repose was enacted as "'part of a larger . . . effort to curb the cost of medical malpractice insurance and keep such insurance available and affordable,' [which adjusted] the economics of the practice and consumption of medical services in the Commonwealth." Joslyn, 445 Mass. at 349, quoting Harlfinger, 435 Mass. at 43. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.